Laurence Stinson
Scott Stinson
STINSON LAW GROUP, P.C.
421 Mendenhall Street
Bozeman, Montana 59715
T: 406.587.2179
F: 406.612.4016
E: laurence@stinsonlawyers.com

Hertha Lund
Lund Law, PLLC
626 S. Ferguson Avenue
Bozeman, Montana 59718
T: 406.586.6254
E:  lund@lund-law.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| ALAN ALEXANDER and BECKY, CAROLLO, personal representatives of the Estate of Leslie Alexander, and ALAN ALEXANDER, individually, | Civil Action No. |
| Plaintiffs, | |
| vs. | **COMPLAINT and JURY DEMAND** |
| CRST THE TRANSPORTATION SOLUTION, INC;  CRST THE TRANSPORTATION SOLUTION d/b/a CRST; CRST INTERNATIONAL, INC d/b/a CRST;  CRST SPECIALIZED TRANSPORTATION, INC.; CRST LINCOLN SALES, INC.; CRST EXPEDITED, INC.; ANDRE TROY PURLETT; AND XYZ Companies or Corporations 1-10; John or Jane Does, 1-10. | |
| Defendants. | |

**COME NOW** Plaintiffs, by and through counsel and for their causes of action against Defendants, do state and allege upon information and belief as follows:

## I.  Overview

1. This case involves the conduct of trucking companies that fell below industry standards by not having or enforcing adequate policies, practices, and procedures to qualify, train, and supervise drivers. These failures led to the failure of Defendants' drivers to properly control a tractor-trailer which, unsafe driving resulted in the death of a person.

2. This lawsuit is brought against interstate trucking carrier CRST The Transportation Solution, USDOT Number 53773, and other entities through which it, and its shareholders, agents, and representatives, do business.

3. For example, the crash report in this case listed CRST Lincoln Sales, Inc., as the owner.  CRST Lincoln Sales is not identified by the Federal Motor Carrier Safety Administration (herein "FMCSA") as a United States Department of Transportation (herein "USDOT") licensed motor carrier, but which, upon information and belief, engaged in logistics on behalf of a joint enterprise of CRST Defendants.

4. As another example, Defendants engage in interstate business as CRST The Transportation Solution but, according to the FMCSA Safer website, that is a dba of CRST Expedited, Inc.  Here is a screenshot of the FMCSA information:

| Entity Type: | CARRIER/BROKER | | |
|---|---|---|---|
| Operating Status: | AUTHORIZED FOR Property | Out of Service Date: | None |
| Legal Name: | CRST EXPEDITED INC | | |
| DBA Name: | CRST THE TRANSPORTATION SOLUTION INC | | |
| Physical Address: | 3930 16TH AVE SW<br>CEDAR RAPIDS, IA  52404 | | |
| Phone: | (319) 396-4400 | | |
| Mailing Address: | PO BOX 68<br>CEDAR RAPIDS, IA  52406 | | |
| USDOT Number: | 53773 | State Carrier ID Number: | |
| MC/MX/FF Number(s): | MC-114273 | DUNS Number: | 77-933-83 |
| Power Units: | 4,608 | Drivers: | 5,463 |
| MCS-150 Form Date: | 04/10/2023 | MCS-150 Mileage (Year): | 441,460,000 (2022) |
| Operation Classification: | | | |

5. This suit is also brought against agents and representatives of CRST, identified as Defendants or unknown Defendants. Throughout this Complaint, CRST and its related business entities and agents are generally called Defendants.

6. This lawsuit is brought by Alan Alexander and Becky Carollo who are the Personal Representatives of the Estate of Leslie Alexander. Leslie and Alan Alexander were members of the traveling public. Leslie was married to Alan Alexander. Leslie was killed by Defendants on April 12, 2021, on a public interstate in Montana.

7. Alan was in the zone of danger and saw his wife Leslie die. This lawsuit seeks wrongful death damages for the needless death of Leslie Alexander and for the emotional distress of Alan Alexander.

## II.  Jurisdiction and Venue and Corporate Misfeasance

8. Plaintiffs are citizens of Washington and residents of Pasco, Washington.

9. CRST Defendants are primarily based in, and residents of, Cedar Rapids, Iowa.

10. However, the crash report lists CRST Lincoln Sales, Inc., with a Fort Wayne, Indiana address, which is an identical address shared by CRST Specialized Transportation, Inc.

11. Here is a screenshot from the FMCSA Saferweb:

| Entity Type: | CARRIER | | |
|---|---|---|---|
| Operating Status: | AUTHORIZED FOR Property | Out of Service Date: | None |
| Legal Name: | CRST SPECIALIZED TRANSPORTATION INC | | |
| DBA Name: | SPECIALIZED TRANSPORTATION INC | | |
| Physical Address: | 5001 US HWY 30 WEST<br>FT WAYNE, IN  46818 | | |
| Phone: | (260) 470-8615 | | |
| Mailing Address: | PO BOX 80520<br>FORT WAYNE, IN  46898 | | |
| USDOT Number: | 1278850 | State Carrier ID Number: | |
| MC/MX/FF Number(s): | MC-497943 | DUNS Number: | 16-824-1987 |
| Power Units: | 476 | Drivers: | 466 |
| MCS-150 Form Date: | 04/28/2022 | MCS-150 Mileage (Year): | 35,102,931 (2021) |
| Operation Classification: | | | |

12. Upon information and belief, all entity Defendants share common control and/or are operated underneath or in connection with the same parent company, shareholders, or management in furtherance of a joint enterprise.

13. Defendants have engaged in intentional and knowing corporate structuring that is complicated, potentially deceptive, and makes ownership and accountability difficult to understand and, for this reason, requires that Plaintiffs name several CRST entities.

14. Defendants are jointly and severally liable to Plaintiffs.

15. Defendant Purlett is, according to the investigation of the Montana Highway Patrol, a resident of Miramar, Florida.

16. Defendant Purlett is, for all purposes relative to the crash, the agent of one or more Defendants who are vicariously liable for his conduct.

17. This Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C §1332, because the amount in controversy in greater than $75,000.00 and the adverse parties are citizens of different states.

### III.  General Allegations

18. Plaintiffs reincorporate and re-allege each preceding paragraph as if fully set forth herein.

19. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and Defendants were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

20. Defendants have a duty to write, create or otherwise enact and have in place, policies and procedures consistent with DOT regulations governing driving; and operational safety of motor vehicles, including hiring qualified drivers, drivers' hours of service and vehicle inspection, repair, and maintenance. Such duty includes properly supervising its business operations by monitoring the driving habits and

records of its drivers in compliance with federal regulations and industry standards. 49 CFR §383.110; 383.111; 383.113

21. The FMCSA compiles data. Upon information and belief, the SAFER website displayed the following information and violations of Defendant, CRST the Transportation Solution, based on a 24-month record ending May 15, 2023:

**Crashes reported to FMCSA by states for 24 months prior to: 05/15/2023**

Note: Crashes listed represent a motor carrier's involvement in reportable crashes, without any determination as to responsibility.

| Type | Fatal | Injury | Tow | Total |
|---|---|---|---|---|
| Crashes | 8 | 141 | 317 | 466 |

(Crashes:)

22. The FMCSA compiles data. Upon information and belief, the SAFER website displayed the following crash information for Defendant, CRST The Transportation Solution, based on a 24-month record ending May 15, 2023:



ALL CRASHES

The graph below displays the number of crashes that the carrier has received for a selected period of time. Expand for more information.

Legend: Reviewed-Not Preventable and not in SMS; Crashes Included in SMS

A crash preventability determination does not assign fault or legal liability for the crash. These determinations are made on the basis of information available to FMCSA by persons with no personal knowledge of the crash and are not reliable evidence in a civil or criminal action. Under 49 U.S.C. § 504(f), these determinations are not admissible in a civil action for damages. The absence of a not preventable determination does not indicate that a crash was preventable.

23. Defendant carriers have a duty to properly hire qualified tractor-trailer drivers to ensure the safety of citizens on the roads, interstates, and highways.

24. Defendant carriers have a duty to properly train their tractor-trailer drivers to ensure the safety of citizens on the roads, interstates, and highways.

25. Defendant Purlett is an employee of Defendants or some of them.

26. Defendant Purlett acts in the course and scope of his employment with Defendants or some of them.

### IV.  Facts For All Causes of Action

27. All prior allegations are restated and incorporated herein.

28. A tractor-trailer is an 18-wheeled vehicle that often weighs 80,000 pounds or more and requires a commercial driver's license and special training to operate.

29. The commercial truck that killed Leslie and injured Alan weighs more than 10,001 pounds, making it a commercial motor vehicle for MCS-90 purposes.

30. CRST Defendants were at all times relevant engaged in interstate commerce across all of Montana as a commercial motor carrier subject to the FMCSA Rules and Regulations as well as Commercial Motor Vehicle Rules of the Road of the State of Montana.

31. Because of the foreseeable danger and death to the public, including motorists and pedestrians, a company engaged in the interstate operation of trucking must make safety priority number one.

32. Defendants, or some of them, are commercial trucking companies and/or shippers that commonly and frequently use tractor-trailers for delivery across Montana and the United States and their tractor-trailer operators are in constant contact with other motorists and pedestrians.

33. Trucking companies, like Defendants, must train drivers how to safely operate or cease operating their trucks at all times, including during inclement weather.

34. Tractor-trailer companies, like Defendants, must train their drivers to be cognizant of their surroundings including weather; how to problem-solve when faced with an unsafe situations, including weather; and to control their truck on the roadway in adverse situations, which truckers routinely encounter.

35. Trucking companies, like Defendants, must train their drivers to prevent losing control of their tractor-trailer and protect the public from harm. For example, such action can include not driving in inclement weather, engaging in alternative routes, placing a more weather experienced driver in operation, and controlling speed to protect others stopped on the roadway.

36. Failure to follow the appropriate safety rules is negligence.

37. On April 12, 2021, a new employee was driving a 2020 Freightliner Cascadia tractor-trailer owned by Defendants. The new employee, named Andre Purlett, lost control of the tractor-trailer, side-swiped the Alexanders' parked pickup and trailer and collided with Leslie Alexander who was standing next to her pickup. Leslie flew through the air and landed on the ground about 15 feet in front of the Alexanders' pickup

38. Purlett was a probationary employee supposedly being trained by another employee Wayne Lapham, who was physically in the cab at the time of the crash. Despite the fact that Mr. Purlett was a probationary employee, Mr. Lapham was asleep in the tractor-trailer at the time of the crash and, therefore, was not able to train and advise Mr. Purlett on road condition identification and handling the tractor-trailer in ice and snow conditions.

39. Purlett chose to drive to fast for conditions.

40. Purlett failed to keep the trailer safely in its lane of travel, needlessly crossed over the white fog line, and was in violation of safe driving practices.

41. Alan Alexander did not cause the crash and is not at fault whatsoever.

42. Leslie Alexander did not cause the crash and is not at fault whatsoever.

43. Purlett was at all times relevant hereto, working within the course and scope of his employment with Defendants.

44. As a result, the actions of Purlett with regard to this crash are legally the actions of Defendants, or some of them.

45. As a result of the crash, Leslie Alexander was killed.

46. As a result of the crash, the heirs of Leslie who are members of her estate suffered grief, sorrow, and mental anguish.

47. As a result of the crash, Alan Alexander was subjected to extreme emotional distress from watching his wife die and losing his wife. His extreme emotional distress has caused physical problems including exhaustion and sleeplessness.

48. As a result of the crash, Alan Alexander was mentally injured and has suffered grief, loss, abandonment, guilt, and hopelessness.

## IV.  Multiple Acts of Negligence

49. The Plaintiffs reallege each and every allegation previously set forth in this Complaint as if set forth herein in full.

50. The negligence of the improper training, supervision, and accountability of its drivers by the CRST Defendants, or some of them, was a significant cause of the collision.

51. CRST Defendants are required to keep, maintain, enforce, and follow safe driving practices and safe driving policies.

52. Defendants failed to do this and were negligent. CRST Defendants were negligent in numerous ways, including but not limited to:

    a. failing to properly supervise and train how to anticipate inclement weather, drive in inclement weather, and control a vehicle in inclement weather, so as to avoid injury and death to others, including Plaintiffs;

    b. failing to properly supervise and train to prevent a crash, to avoid injury and death to others, including Plaintiffs;

53. Defendants were also negligent in numerous ways, including but not limited to: failing to maintain proper control of the tractor-trailer so as to avoid injury to others, including Plaintiffs; and failing to maintain proper lookout so as to avoid injury to others, including Plaintiffs.

54. Plaintiffs were injured as a result of Defendants' negligence.

55. As a result of the crash described herein and the negligence of Defendants, Plaintiffs have been deprived of the usual services, society, consortium and companionship of Leslie, and will be so deprived in the future.

## V. Punitive Damages

56. The Plaintiffs reallege each and every allegation previously set forth in this Complaint as if set forth herein in full.

57. The actions of Defendants each demonstrate malice, because they acted to serve their own business interests, having reason to know and consciously disregarding a high probability that their conduct would significantly injure Plaintiffs and others.

58. The actions of Defendants each demonstrate malice, because they consciously and intentionally pursued a course of conduct knowing that it created a high probability of injury to the Plaintiffs and others.

59. The actions of Defendants each demonstrate a conscious disregard for the rights and safety of Leslie and Alan and the rest of the public.

60. According to the FMCSA Safer website, CRST Expedited, Inc., had 150 driver inspections with unsafe vehicles for the presumably two-year time period preceding May 23, 2022.

61. According to the FMCSA Safer Website, Defendant CRST Expedited has a history of unsafe driving.

62. Here is a screenshot of the FMCSA Safer website:



*Complaint and Jury Demand* – Page 12 of 14

63. According to the FMCSA, Defendant CRST Specialized Transportation also has a history of unsafe driving.

64. Here is a screenshot of the FMCSA Safer website:



65. The actions of the Defendants in choosing to have a safety training program which allowed a driver to sleep in the cab while a new, probationary driver from Florida drove a tractor-trailer over a Montana mountain pass in inclement weather, was purposefully and knowingly.

66. The actions of Defendants each directly and proximately caused Leslie's injuries and damages and death, which have caused Plaintiffs pain, discomfort, suffering, mental and emotional anguish, anxiety, and loss of enjoyment of life, in an amount to be determined at trial.

67. The actions of the Defendants were willful, wanton and in reckless disregard for the safety and wellbeing of Plaintiffs to such a degree sufficient to entitle Plaintiffs to an award of punitive damages.

68. Plaintiffs demand punitive damages against Defendants.

## VI. 6-Person Jury Demand

Plaintiffs hereby demand a trial by a six (6) person jury for all issues.

## VII. Prayer for Relief

WHEREFORE, Plaintiffs pray this Court for judgment in their favor and against Defendants as follows:

a. For grief, sorrow, and mental anguish of the heirs of Leslie for an amount to be proved at trial;

b. For the emotional distress of Alan Alexander for an amount to be proved at trial;

d. For punitive damages in an amount to be proved at trial;

f. For Plaintiffs' costs of suit herein; and

g. For such other and further relief as the Court deems equitable and just.

DATED this 26th day of May 2023.

By: /s/Laurence W. Stinson
Laurence Stinson
STINSON LAW GROUP, P.C.
*Attorney for Plaintiffs*